IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIMBERLY POFAHL,

       Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

       Defendant.

Case No. 6:13-cv-01390-AA

OPINION AND ORDER

---

Bruce W. Brewer
P.O. Box 421
West Linn, Oregon 97068
    Attorney for plaintiff

S. Amanda Marshall
Ronald K. Silver
United States Attorney Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201

Kathryn A. Miller
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Kimberly Pofahl brings this action pursuant to the Social Security Act (the Act) to obtain judicial review of a final decision of the Commissioner of Social Security. The Commissioner denied plaintiff's application for Title II disability insurance benefits (DIB). For the reasons set forth below, the Commissioner's decision is affirmed.

## PROCEDURAL BACKGROUND

On August 19, 2010, plaintiff protectively applied for DIB. Tr. 157. Plaintiff's application was denied initially and upon reconsideration. Tr. 88-91, 94-96. On March 13, 2012, plaintiff and a vocational expert (VE) appeared and testified before an Administrative Law Judge (ALJ). Tr. 33-65. On April 27, 2012, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 15-28. On June 4, 2013, the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision as the final decision of the Commissioner. Tr. 1-4. Plaintiff now seeks judicial review.

## STATEMENT OF FACTS

Born on March 28, 1966, plaintiff was forty-four years old as of her alleged onset date of disability and forty-six years old at the time of the ALJ's decision. Tr. 26, 157. Plaintiff has a tenth-grade education and past relevant work as a stock

selector and cashier/checker. Tr. 26, 178. Plaintiff alleges disability as of April 25, 2010 due to osteoarthritis, back problems, and back and leg pain. Tr. 43-44, 177.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) (internal quotation marks and citation omitted).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate

Page 3 - OPINION AND ORDER

an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 20; 20 C.F.R. § 404.1520(b).

At step two, the ALJ found that plaintiff had a "medically severe impairment or combination of impairments" of degenerative disc disease, mild osteoarthritis in the left hip, and obesity. Tr. 20; 20 C.F.R. § 404.1520(c). However, at step three, the ALJ found that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Tr. 23; 20 C.F.R. § 404.1520(d).

The ALJ then determined plaintiff's residual functional capacity (RFC) and found that plaintiff could perform sedentary work with certain exertional limitations; plaintiff must be able to sit and/or stand "at will," she cannot climb ladders, ropes scaffolds or stairs, and she cannot kneel or crawl. Tr. 23; 20

Page 4 - OPINION AND ORDER

C.F.R. § 404.1520(e). Based on this RFC finding, at step four the ALJ found that plaintiff could not perform her past relevant work. Tr. 26; 20 C.F.R. § 404.1520(f).

At step five, the burden shifted to the Commissioner to establish that plaintiff can perform other work existing in significant numbers in the national and local economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(g). Based on the testimony of the VE, the ALJ found that plaintiff could perform other work as a booth cashier, check cashier, food checker, and auction clerk. Tr. 27. Accordingly, the ALJ found plaintiff not disabled under the Act.

## DISCUSSION

Plaintiff argues that the ALJ erred by: 1) finding her subjective symptom testimony not credible; 2) rejecting the observations of a lay witness; 3) rejecting the opinions of Dr. Heder, a treating physician; and 4) improperly relying on the VE testimony and finding that plaintiff could perform other work.

I.  Plaintiff's Credibility

Plaintiff asserts that the ALJ failed to provide clear and convincing reasons, supported by substantial evidence, to reject her subjective complaints of disabling pain.

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the

Page 5 - OPINION AND ORDER

symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)); see also Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008) (unless evidence of malingering is present in the record, the ALJ must base adverse credibility finding on clear and convincing reasons). "At the same time, the ALJ is not 'required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A).'" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).

In evaluating a claimant's allegations, the ALJ may "consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct," an "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment," and "whether the claimant engages in daily activities inconsistent with the alleged symptoms." Id. "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may

Page 6 - OPINION AND ORDER

not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Plaintiff testified that she is limited by low back pain that radiates into her legs. Tr. 43-44. Plaintiff testified that her pain worsened with increased physical activity, "lifting anything," or by remaining in one position for an extended period of time. Tr. 46. Plaintiff also testified that she could walk for twenty minutes before she needed to rest and could not walk up stairs. Tr. 46-47. Plaintiff testified that she cannot lift more than ten pounds and must change position between lying down and sitting every fifteen to twenty minutes. Tr. 47, 51. Plaintiff stated that she cannot engage in any activity for more than fifteen minutes. Tr. 48.

The ALJ found that plaintiff's statements regarding the extent of her pain were not fully credible. Tr. 24. The ALJ found plaintiff limited to sedentary work with a sit/stand option, accommodating many of the limitations to which she testified. Tr. 23, 46-48. However, the ALJ rejected plaintiff's complaints of almost constant, debilitating pain. Therefore, plaintiff's arguments are considered in that context.

The ALJ first found that plaintiff's "longitudinal medical record [was] inconsistent with the alleged severity of her symptoms." Tr. 24. While an ALJ cannot reject the severity of

Page 7 - OPINION AND ORDER

subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. See <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 599-600 (9th Cir. 1999).

Specifically, the ALJ noted that plaintiff's treating physician reported minimal findings and recommended that plaintiff engage in a "good aerobic program (walk, swim, bike) 30 minutes [four times] weekly." Tr. 20, 24; 346. The ALJ similarly noted the minimal and normal findings by other treating physicians, tr. 21, 24, 316, 318-19, 417-18, and highlighted plaintiff's generally conservative treatment for her allegedly disabling pain. Tr. 24-25, 370-72, 403-14, 446-453. The ALJ emphasized that plaintiff's medical records show that in December 2011, her treatment "consisted of a medication refill, a recheck in six[] months, and nothing further," even though plaintiff was insured at that time. Tr. 27, 372, 449. Further, plaintiff was seen two months later and did not complain of disabling back pain. Tr. 450. The amount of treatment is "an important indicator of the intensity and persistence of a claimant's symptoms." 20 C.F.R. § 404.1529(c)(3). Therefore, "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." <u>Parra v. Astrue</u>, 481 F.3d 742, 751 (9th Cir. 2007).

Page 8 - OPINION AND ORDER

The ALJ also found that plaintiff's reports to her medical providers were not entirely consistent with her allegations. For example, in November 2011 plaintiff reported that she was "doing well" until her son wrestled with her and re-aggravated her back pain. Tr. 442. Plaintiff also reported her back pain as "fluctuating," which the ALJ found inconsistent with her testimony of general incapacitation on most days. Tr. 25; 53-54; 446. The ALJ also noted that plaintiff reported medication provided pain relief and improvement in her ability to sleep. Tr. 446 ("Symptoms are relieved by pain meds/drugs."); see Warre v. Comm'r Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled with treatment are not disabling). Thus, I find that the ALJ reasonably concluded that plaintiff's allegations of incapacitating pain were not supported by the reports of her medical providers.

The ALJ also rejected plaintiff's symptom testimony because it was inconsistent with her daily activities. Daily activities may be used to discredit a claimant where they either "are transferable to a work setting" or "contradict claims of a totally debilitating impairment." Molina, 674 F.3d at 1112-13 (citations omitted). In this case, plaintiff lived alone and took care of her dog, including feeding it and taking it outside three or four times daily, and her hobbies included rock

Page 9 - OPINION AND ORDER

hounding and jewelry making. Tr. 185, 318. The ALJ also noted that plaintiff's activity level was described as "moderate" in December 2011. Tr. 25, 447. Even when a plaintiff's activities "suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." Molina, 674 F.3d at 1113. Further, engaging in activities such as "cleaning, cooking, walking [] dogs, and driving to appointments" undermines credibility. Bray v. Commissioner, 554 F.3d 1219, 1227 (9th Cir. 2009). Thus, I find legally sufficient evidence support the ALJ's credibility determination.

II. Lay Witness Testimony

Plaintiff next contends that the ALJ failed to provide a germane reason to reject the statements and observations of Patrick Stone, plaintiff's "significant other." Tr. 25.

Lay witness observations regarding a claimant's symptoms or functional limitations must be considered by the ALJ. Molina, 674 F.3d at 1114. The ALJ must provide "reasons germane to each witness" in order to reject such observations. Id.; Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). Lay witness statements may be disregarded if they are inconsistent with the claimant's activities of daily living or the other evidence of record. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).

Page 10 - OPINION AND ORDER

The ALJ found the third-party function report of Mr. Stone to be "inconsistent with the claimant's record and is unpersuasive." Tr. 25, 192-98. Specifically, the ALJ found that Mr. Stone's statements were inconsistent with the medical evidence of record and the improvements plaintiff reported with medication. Thus, the ALJ provided germane reasons to support his rejection of Mr. Stone's statements. Further, the ALJ's reasoning with respect to plaintiff's allegations is equally applicable to Mr. Stone's observations. See Molina, 674 F.3d at 1122.

III. Dr. Heder's Opinion

Plaintiff also argues that the ALJ failed to provide legally sufficient reasons, supported by substantial evidence, for rejecting Dr. Heder's medical opinion.

There are three types of medical opinions in social security cases: those from treating, examining, and non-examining doctors. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). To reject the uncontroverted opinion of a treating or examining doctor, the ALJ must present clear and convincing reasons. Bayliss, 427 F.3d at 1216. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. Id. "[T]he findings of a nontreating, nonexamining physician can amount to

Page 11 - OPINION AND ORDER

substantial evidence, so long as other evidence in the record supports those findings." <u>Saelee v. Chater</u>, 94 F.3d 520, 522 (9th Cir. 1996).

On June 29, 2011, Dr. Heder, plaintiff's treating physician from 2010 to 2011, reported:

> [plaintiff's] back pain is such that she cannot sit for more than about 20 minutes at a time, no more than 2 hours per day. She cannot stand more than 15-20 minutes at a time for a maximum of 4 hours per day. She cannot lift more than 20 lb. She can lift under 20 lb occasionally. She cannot stoop or crouch. If she were able to receive accommodations that would allow her to get up and move around at will, she probably would be able to participate in the various classroom activities that [DHS] is requesting.

Tr. 372. In February 2011, Dr. Heder reported similar limitations but opined that plaintiff could sit for four hours a day and stand/walk for four hours a day. Tr. 111. The ALJ did not reject Dr. Heder's opinion in its entirety; rather, the ALJ found that plaintiff was limited to light work and required a sit/stand "at will" option, an RFC generally consistent with Dr. Heder's opinion. Tr. 23. To the extent inconsistent with his RFC finding, the ALJ gave little weight to Dr. Heder's opinion. Instead, the ALJ found more persuasive the findings of non-examining physicians who opined that plaintiff retained the functional capacity to complete an eight-hour workday. Tr. 25.

Page 12 - OPINION AND ORDER

Specifically, the ALJ noted that Dr. Heder relied on plaintiff's subjective reports "without any commensurate examination findings." Tr. 26. Notably, Dr. Heder's records do not reflect objective findings, functional limitation testing, or other objective indicators of plaintiff's capabilities. See, e.g., Tr. 354-72. "[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." Bayliss, 427 F.3d at 1216 (citation omitted); Thomas, 278 F.3d at 957 (accord); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (an ALJ may "permissibly reject . . . check-off reports that [do] not contain any explanation of the bases of their conclusions").

Further, the ALJ found that Dr. Heder's opinions were based on plaintiff's subjective reports of pain. Tr. 26. Morgan, 169 F.3d at 602 ("A physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted.") (internal quotation marks and citation omitted). The ALJ also noted that Dr. Heder found no "clear etiology" for plaintiff's back pain and advised plaintiff to engage in aerobic activity four times a week. Tr. 26, 346, 367.

Page 13 - OPINION AND ORDER

Although plaintiff disagrees with the ALJ's interpretation of the medical record, "[w]hen the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004). Here, the ALJ provided legally sufficient reasons, supported by substantial evidence, for rejecting Dr. Heder's opinion in part. Therefore, the ALJ's assessment of the medical opinion evidence is affirmed.

IV. Reliance on VE Testimony

Finally, plaintiff argues the ALJ erred by relying on the VE's testimony and finding that plaintiff could perform other work. Specifically, plaintiff argues that the jobs identified as sedentary by the VE and relied on by the ALJ are defined as light work under the Dictionary of Occupational Titles (DOT) and thus beyond plaintiff's RFC of sedentary work. Plaintiff contends that the ALJ failed to obtain an explanation for this inconsistency, and thus any reliance on the VE's testimony is erroneous. See Massachi, 486 F.3d at 1152-53 (an ALJ must determine whether the vocational expert's testimony deviates from the DOT and whether a reasonable explanation exists for any deviation).

The VE identified several jobs that a claimant with plaintiff's RFC could perform. She testified:

Page 14 - OPINION AND ORDER

> These are light, unskilled SVP 2 jobs; however, many of them can be performed sedentary. Sitting at will. Standing at will. The DOT does divide them into booth cashiering positions also. And, the DOT number is 211.462-010. Very little lifting involved. Booth cashiers and ticket sellers such as parking lot attendants and similar kinds of positions. . . . And, also, at the sedentary level, semi-skilled, SVP 3 for related cashiering positions for what she did as a checker/cashier positions that do allow change of positions at will basically with a stool. Check cashing position, that sedentary, SVP 3 work. The low end of semi-skilled. . . . Sedentary, SVP 3, food checker, which is kind of like a food cashiering, cafeteria cashiering type position[.]

Tr. 61-62. In other words, the VE explained that while the DOT classified certain cashier jobs as light work, such "booth cashiering" positions could be performed at the sedentary level with a sit/stand option. Tr. 62. The VE thus provided an explanation for the apparent conflict between her testimony and the DOT, and I find no error.

Plaintiff also argues that the ALJ's step five finding is erroneous because the remaining sedentary jobs identified by the VE were semi-skilled, and the ALJ did not make any findings regarding plaintiff's transferable skills. Notably, the VE discussed plaintiff's transferable skills at the hearing. Tr. 61-62 ("[M]ay I report on some [jobs] that I think she would have transferrable skills to?...[T]his would be transferrable skills from the checker/cashier positions...For example, just starting with unskilled work, booth cashiering types of position

Page 15 - OPINION AND ORDER

and she wouldn't have transferrable skills for these because they are unskilled[.]"). However, the ALJ did not document this discussion in the hearing decision. Instead, the ALJ found the transferability of skills irrelevant when the Medical-Vocational Guidelines were not determinative of disability. Tr. 26 (citing SSR 82-41). Plaintiff maintains that the ALJ misapplied SSR 82-41 and was required to render findings about plaintiff's transferrable skills.

Assuming that the ALJ committed error, it was harmless. See Molina, 674 F.3d at 1115. "An error is harmless if it is inconsequential to the ultimate nondisability determination, or if the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Treichler v. Comm'r Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014) (internal quotation marks and citations omitted). As noted, the VE commented on plaintiff's transferable skills and indicated that plaintiff's past relevant work required skills transferrable to other work that a claimant with plaintiff's RFC could perform. Tr. 60-62.

Therefore, the ALJ's failure to discuss transferable skills in the hearing decision was harmless and does not affect the ultimate determination of disability.

## CONCLUSION

For the reasons explained above, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 24th day of March, 2015.

_____
Ann Aiken
United States District Judge